IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN ABULHAWA, AVRAHAM PELED a.k.a. MIKO PELED, PEGGY AHWESH, JAMES ANDERSON, ALICE BACH, ANTOINE BOGHOSSIAN, GLORIA BOGHOSSIAN, TANIA BOGHOSSIAN, JOHN BOYD, MARINA BUHLER-MIKO, JAMES COBEY, JOHN DOE, ABDUR-RAHIM DUDAR, TY EBRIGHT, ABBAS HAMIDEH, STEVEN GOOSSEN, RAY GORDON, LINDA MANSOUR, DONNA NASSOUR, ROBIN NICHOLAS, ALANNOFAL, MICHAEL RABB, MARY SCHULTZ, LYNN SCHULTZ, MICHAEL SEVERAL, RICH SIEGEL, GRANT SMITH, MICHAEL SMITH, LOU STONE, ROBIE TENORIO, JOHN VAN WAGONER, and LINDA VASQUEZ, <br><br>   Plaintiffs, <br><br>   v. <br><br> UNITED STATES DEPARTMENT OF TREASURY and UNITED STATES DEPARTMENT OF THE TREASURY SECRETARY JACOB LEW, in his official capacity, <br><br>   Defendants. | Case No. 1:15-cv-2186-RDM |

**UNITED STATES' MOTION TO DISMISS**

The United States, on behalf of its agency, the Department of the Treasury, and its employee, Secretary Jacob Lew, hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(1), for an order dismissing with prejudice plaintiffs' complaint for lack of subject matter jurisdiction. The grounds for the motion are as follows:

Plaintiffs seek an order requiring Treasury to:

> (a) initiate an investigation into any and all tax-exempt entities based in America which transmit $20,000 or more on an annual basis to any country in the world and, where appropriate, revoke the entity's tax-exempt status; (b) refer all tax fraud and money laundering findings to the IRS and/or U.S. Department of Justice for criminal prosecution; (c) order FinCEN to investigate, the entities, including BL's U.S. subsidiary, and individuals who have engaged in the money laundering activities described herein; and (d) initiate a long-overdue investigation of all of the financial sponsorship of and commission of the violent activities alleged herein on the part of U.S. tax-exempt entities, their donors, and IDF/G4S personnel.

(Doc. 7 at 74-75.)  They also seek an order compelling Treasury to "subpoena and examine all of [Bank Leumi's and Bank Hapoalim's] banking records pertaining to wire transfers made to settlement bank accounts and to the Israeli army's bank account in the last 40 years." (*Id.* at 75.)  They characterize their case as a "declaratory judgment action for mandamus relief under 28 U.S.C. § 1361." (*Id.* at 1.)

Plaintiffs' complaint must be dismissed for lack of subject matter because none of the plaintiffs have standing to bring suit and this Court does not have authority to order the relief sought.  First, plaintiffs all lack standing because they cannot establish any of the standing requirements set forth by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Second, because granting or revoking tax-exempt status under 26 U.S.C. § 501(c)(3) is a discretionary act, this Court cannot compel the United States to act one way or the other.

The grounds for this motion are set forth more fully in the memorandum of law in support of the United States' motion to dismiss filed contemporaneously with this motion.

Dated: April 8, 2016

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON
OLGA L. TOBIN
Trial Attorneys, Tax Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 227
Washington, DC  20044
Telephone: (202) 307-2250
Fax: (202) 514-6866
christopher.j.williamson@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on April 8, 2016, I filed the foregoing UNITED STATES' MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including plaintiff's counsel.

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON