IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUSAN ABULHAWA *et. al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-2186-RDM |
| | ) | |
| UNITED STATES DEPARTMENT OF TREASURY | ) | |
| and UNITED STATES DEPARTMENT OF THE | ) | |
| TREASURY SECRETARY JACOB LEW, in his | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS**

Plaintiffs have now filed three complaints totaling 231 pages and a 46-page opposition to the United States' motion to dismiss, which in effect ask this Court to resolve alleged criminal conduct in the Israeli settlements. Despite the volume of those filings, plaintiffs have failed to establish that a single one of the now 37 plaintiffs (plus intervenor, Sam Abrams) has standing to bring this suit. The vast majority have made no allegations that could establish any injury in fact. And none can show either that the United States' decision to grant tax-exempt status to certain entities *caused* their injuries or their requested relief will *redress* their injuries. Plaintiffs have also failed to establish their entitlement to the relief sought, because granting or revoking tax-exempt status under 26 U.S.C. § 501(c)(3) is a discretionary act and this Court cannot compel the United States to act one way or the other. Because no plaintiff has standing to maintain this suit or is entitled to the relief sought, this case must be dismissed.

14003843.1

## I.      NO PLAINTIFF HAS STANDING TO MAINTAIN THIS SUIT

The United States' opening brief demonstrated that, in order to have standing to bring this suit, plaintiffs must allege more than "**an asserted right to have the Government act in accordance [with] the law**." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (emphasis added) (abrogated on other grounds by *Lexmark Intern., Inc. v. Static Control Components, Inc.*, --- U.S. ---, 134 S. Ct. 1377 (2014)).  Rather, plaintiffs have the burden of showing an *injury* in fact *caused* by the actions of the defendant that is *redressible* by the Court.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To meet that burden, at least one plaintiff must be able to establish the following chain.  (*See* Doc. 10 at 6-12.)  *First*, a plaintiff must have a concrete and particularized injury-in-fact.  *Second*, the injury must have been caused by an entity that received funds from a U.S. tax exempt organization.  *Third*, the complaint must show that the entity that caused the injury would not have injured the plaintiff but for receiving the funds from the United States.  *Fourth*, the complaint must show that the U.S. tax exempt entity only gave funds to entities in Israel because it was tax-exempt and that, if it no longer was a tax-exempt organization, it would cease giving funds.  *Finally*, the complaint must establish that an order requiring Treasury to investigate the status of the tax-exempt organization would somehow remedy the initial injury.  None of the plaintiffs in this case can make that showing.  Accordingly, the complaint must be dismissed because no plaintiff has standing to bring the suit.

As an initial matter, the United States notes that plaintiffs have improperly filed a second amended complaint.  On December 16, 2015, three plaintiffs filed the initial

complaint.  (*See* Doc. 1.)  On February 5, 2016, plaintiffs filed an amended complaint, which added 29 plaintiffs.  (*See* Doc. 7.)  On April 4, 2016, prior to the date by which the United States was to respond to the amended complaint and before counsel for the United States appeared in the case, plaintiffs filed a second amended complaint, which added five more plaintiffs and contained additional allegations.  (*See* Doc. 9.)  Federal Rule of Civil Procedure 15(a)(2) permits a second amended complaint "only with the opposing party's written consent or the court's leave."  Plaintiffs did not seek or obtain either the United States' consent or the Court's leave prior to filing the second amended complaint.  This Court, therefore, should disregard the second amended complaint.  Out of an abundance of caution, the United States will address the standing allegations contained in the second amended complaint in this brief.

    A.    **Most of the Plaintiffs are merely concerned bystanders, who therefore fail to plead an injury in fact.**

The vast majority of plaintiffs are described as concerned bystanders troubled by the violence due to "explosive settlement expansion" allegedly "funded by pro-settlement tax-exempt entities and their donors."  (Doc. 9, ¶6.)  Their concerns stem from researching tax-exempt organizations, visiting Israel and neighbor countries like Egypt, and interacting with friends from the region.  (Doc. 9, ¶6-12.)  However, pleading a research interest in and submitting to the Court a dissertation on problems with Israeli-settlements does not amount to an adequately pleaded injury in fact.  *See Khalaf v. Regan*, No 83-2963, 1985 WL 392, at *1 (D.D.C. Jan. 8, 1985).

The complaint makes specific injury allegations for only a handful of plaintiffs. Susan Abulhawa, Linda Keteeb, Abbas Hamideh, and Danny Awad have alleged that Israeli settlers have taken their real property. (*See* Doc. 9, ¶¶9, 13(a). 13(d).) Doa'a Abu Amer alleges that 14 of his family members died from an Israeli army bomb. (*See id.*, ¶13(b).) Ahmed Al-Zeer alleges that he was severely beaten by Israeli settlers and has suffered long-term injuries as a result. (*See id.*, ¶13(c).) No other plaintiff has made any specific allegation regarding any injury suffered.[1] Accordingly, the remaining 31 plaintiffs, plus Sam Abrams, have no standing to maintain this suit because they have failed to allege any facts to establish an injury in fact.

> **B.** **The United States did not cause any of the real or speculative injuries plaintiffs allege they have suffered.**

The actually pleaded injuries in the complaint were caused by third parties located in the Middle East, not by the United States government. Plaintiffs therefore cannot establish that the United States *caused* their injuries. Plaintiffs are required to show that their alleged injuries "can be fairly traced to the challenged action of the

---

[1] Plaintiffs' opposition brief argues that the plaintiffs have suffered aesthetic injury as a result of Israeli settlement activity. (*See* Doc. 15 at 21.) No plaintiff has established a valid aesthetic injury. While the Supreme Court has recognized that, aesthetics can be "a cognizable interest for purpose of standing, . . . 'the 'injury in fact' test requires more than an injury to a cognizable interest.'" *Lujan*, 504 U.S. at 562-63 (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-735). Rather, "'it requires that the party seeking review be himself among the injured,'" which must be established through specific facts. *Lujan*, 504 U.S. at 563 (quoting *Sierra Club*, 405 U.S. at 734-35). None of the complaints or plaintiffs' opposition contain any allegation or specific facts establishing that plaintiffs are "no longer able to enjoy many of the natural resources, parks, historic sites, and traditional scenery of their homeland." (Doc. 15 at 21.)

defendant, and not injury that results from the independent action of some third party not before the court." *See Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 42-43 (1976).

Plaintiffs' opposition is devoid of any argument establishing that any of the alleged injuries would not have occurred "but for the tax-exempt status defendants may have improperly conferred." *Khalaf v. Regan*, 1985 WL 392, at *2. Abulhawa, Keteeb, Hamideh, and Awad cannot show that their land would not have been taken but for the tax-exempt status of unspecified entities.[2] Likewise, Amer cannot show that the Israeli army would not have bombed Gaza or that Al-Zeer would not have been beaten but for the tax-exempt status of unspecified entities.

### C. Ordering the United States to investigate the tax-exempt status of certain organizations will not redress plaintiffs' injuries.

No plaintiff can establish that their alleged injuries will be redressed by a favorable decision by this Court. Plaintiffs make clear in their opposition that they "are not requesting . . . that this Court order Treasury to summarily revoke the status of all tax-exempt entities which send funds to Israel—they are seeking limited relief, i.e., initiate an investigation." (Doc. 15 at 13.) As with causation, no plaintiff can show that the mere investigation of the tax-exempt status of certain tax-exempt organization will

---

[2] Plaintiffs concede that they do not know the identities of either the tax-exempt or Israeli settlement entities that caused their specific injuries. (*See* Doc. 15 at 6 n.6 ("At this point Plaintiffs do not know which entity funded specific wrongs done against them and their property.").)

either restore property or compensate plaintiffs for injury or loss of life. Because the relief sought cannot redress any of the alleged injuries, no plaintiff has standing to maintain this suit.

## II. THIS COURT DOES NOT HAVE AUTHORITY TO GRANT THE REQUESTED RELIEF

The United States established in its opening brief that, regardless of whether plaintiffs seek a writ of mandamus, a declaratory judgment, injunctive relief, or all three, this Court lacks subject matter jurisdiction to grant the relief sought. (*See* Doc. 10 at 12-17.) Plaintiffs' opposition fails to demonstrate otherwise. Accordingly, even if this Court were to determine that some or all of the plaintiffs have standing to sue, the case must still be dismissed.

### A. Plaintiffs have failed to establish entitlement to a writ of mandamus.

In order to obtain a writ of mandamus, plaintiffs must establish that "(1) [they have] a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (citations omitted). Plaintiffs have failed to carry their burden with regard these requirements.

The United States does not owe any individual the duty to examine the tax-exempt status of a third party and its decision regarding whether to investigate or not investigate the tax-exempt status of a particular group is entirely within Treasury's discretion. Plaintiffs, therefore, cannot show either that they have a clear right to relief or that Treasury has a clear duty to act.

Plaintiffs contend, without support, that "[i]nvestigation is a required duty, not discretionary," and "Treasury is required by its mandate to investigate." (Doc. 15 at 26.) There is no basis for these assertions. In the absence of a clear statutory framework requiring investigation on a certain schedule, agencies have the discretion to determine how to use their scarce resources. *See Barron v. Reich*, 13 F.3d 1370, 1376 (9th Cir. 1994); *Hotel & Restaurant Emples. Union, Local 25 v. Smith*, 846 F.2d 1499, 1520 (D.C. Cir. 1988). Plaintiffs take their contention so far as to argue that the Internal Revenue Service is required to audit each and every taxpayer to determine whether each individual is reporting and paying the correct amount of tax. *See* Doc. 15 at 27 ("Treasury must examine *all* accounts, keep records of *all* debts due the United States, and direct prosecutions of *all* delinquencies." (emphasis in original).) Nothing requires the Service to audit every taxpayer and nothing requires Treasury to investigate all tax-exempt organizations. Plaintiffs, therefore, are not entitled to a writ of mandamus.

### B.   The Administrative Procedure Act is inapplicable in this case.

Similarly, plaintiffs are not entitled to relief under the Administrative Procedure Act because (1) there has been no final agency action and (2) the decision regarding whether to investigate an organization is discretionary. Plaintiffs cannot establish that the Service has refused to investigate any particular organization. Accordingly, no final action has been taken and APA review is not available. *See* 5 U.S.C. § 704; *Reliable Automatic Sprinkler Co. v. Consumer Product Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) ("If there was no final agency action here, there is no doubt that appellant would lack a cause of action under the APA.").

Plaintiffs allege, without support, that Treasury "has no intention" of investigating the tax-exempt status of any pro-Israeli settlement organization. (Doc. 15 at 26; *see also id.* at 28-29.).) The Service is prohibited by 26 U.S.C. § 6103 from disclosing whether a particular organization, including those referenced by plaintiffs, is or is not currently under investigation. (*See id.* at 3.) Publically available information, however, shows that the Service does investigate tax-exempt entities that donate money abroad. (*See* Doc. 10 at 2-3.)

Moreover, the APA bars judicial review of any agency action "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). As discussed above, the Service has discretion to determine whether to investigate the tax-exempt status of a particular organization. Because Congress did not impose any restrictions, let alone explicit restrictions, on the scope of the Service's enforcement discretion regarding exempt organizations under 26 U.S.C. § 501(c)(3), this Court cannot determine whether the Service has violated any requirement with regard to examining exempt organizations. *See Smith*, 846 F.2d at 1520. Thus, under the APA, the Service's decision to examine or not examine any organization is not reviewable.[3]

---

[3] Plaintiffs incorrectly argue that, because the United States did not address its motion to dismiss certain allegations contained in the complaint, the United States has somehow admitted those allegations. (*See* Doc. 15 at 37.) The United States reserves the right to admit or deny the complaint's allegations if it is required to answer.

14003843.1

## CONCLUSION

Plaintiffs' suit essentially asks this Court to wade into the complex international politics of the Middle East.  In insisting on a judicial remedy, they waste the resources of the Court and the United States.  Each and every plaintiff lacks standing to sue, and the Court lacks authority to grant the extraordinary relief they request. Accordingly, the United States' motion to dismiss the complaint should be granted.

Dated:   June 17, 2016                                              Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON
OLGA L. TOBIN
Trial Attorneys, Tax Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 227
Washington, DC  20044
Telephone: (202) 307-2250
Fax: (202) 514-6866
christopher.j.williamson@usdoj.gov

14003843.1

## CERTIFICATE OF SERVICE

I certify that on June 17, 2016, I filed the foregoing REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including plaintiff's counsel.

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON

14003843.1