IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN ABULHAWA, *et al.* )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>UNITED STATES DEPARTMENT OF TREASURY )<br>and UNITED STATES DEPARTMENT OF THE )<br>TREASURY SECRETARY JACOB LEW, in his )<br>official capacity, )<br>)<br>    Defendants. )<br>_____ ) | Case No. 1:15-cv-2186-RDM |

**UNITED STATES' MEMORANDUM IN COMPLIANCE
WITH THE COURT'S MAY 21, 2016 ORDER**

On May 5, 2016, Sam Abrams moved to intervene in this case. (*See* Doc. 13.) On May 21, 2016, the Court ordered the United States to submit briefing regarding whether Sam Abrams "has standing, as well as any other issues that may bear on whether his motion should be granted." (May 21, 2016 Minute Order.) The United States hereby submits this memorandum in compliance with the Court's order.

Simply put, Sam Abrams does not have standing to intervene in this case for the same reasons that no plaintiff has standing to bring suit. Like the other 37 plaintiffs, Abrams cannot establish that (1) he has been injured in fact, (2) the tax-exempt designation of a particular organization caused an injury, or (3) investigating the tax exempt status of those entities would remedy any alleged injury. (*See* Doc. 10-1 at 6-12; Doc 16 at 2-6.) Because he does not have standing, his motion to intervene should be denied.

Abrams alleges that Medecins Sans Frontieres USA, Inc. (also known as Doctors Without Borders) provides "material aid to a designated terrorist organization – Hamas – in violation of 18 U.S.C. Section 2339B." (Doc. 13 at 6.) Specifically, he alleges that Doctors Without Borders has aided Hamas by collaborating with the Palestinian Ministry of Health and "'supporting the Ministry of Health on intensive care, by implementing training programmes for medical and paramedical staff.'" (*Id.* at 7 (quoting www.msf.org/palestine).)

Abrams' complaint, however, is devoid of any allegations regarding how he was injured by Doctors Without Borders work in Palestine. He also fails to show how the tax-exempt status in the United States of Doctors Without Borders caused any unspecified injury. Finally, he does not explain how investigating Doctors Without Borders tax exempt status would remedy any unspecified injury. Absent such allegations, Abrams cannot carry his burden of establishing standing. (*See* Doc. 10-1 at 6-12; Doc 16 at 2-6.) Because he lacks standing to sue, he may not intervene in this case.

Abrams appears to recognize his inability to establish standing. He states that he only requests to intervene "in the event the Original Plaintiffs' claims are not dismissed." (Doc. 13 at 3.) In his motion to intervene, he states that his "proposed basis for subject-matter jurisdiction is the same as that of the Original Plaintiffs." (Doc. 13 at 2.) He also recognizes that, "based on precedent, . . . the Original Plaintiffs lack standing to assert their claims in this Court." (*Id.* (discussing *Fulani v. Brady*, 935 F.2d 1324 (D.C. Cir. 1991); *see also* Proposed Compl., ¶1 (Doc. 13).) In fact, his primary requested relief is that plaintiffs' case be dismissed for lack of standing. (*See* 13 at 9

2

("WHEREFORE Plaintiff demands judgment dismissing all complaints in this matter or, in the alternative, directing the Defendants to investigate Doctors Without Borders.").)

However, if the Court is inclined to find that Abrams has standing, the Court lacks the authority to grant his requested relief.  As is the case with other 37 plaintiffs' claims, this Court cannot order the Internal Revenue Service to investigate Doctors Without Borders because the decision whether to investigate or not is entirely within agency discretion.  (*See* Doc. 10-1 at 12-18; Doc 16 at 6-8.)  Accordingly, this Court lacks subject matter of Abrams' claims, which means that he should not be permitted to intervene.

| | |
|---|---|
| Dated:   June 17, 2016 | Respectfully submitted,<br><br>CAROLINE D. CIRAOLO<br>Acting Assistant Attorney General<br><br>/s/ Christopher J. Williamson<br>CHRISTOPHER J. WILLIAMSON<br>OLGA L. TOBIN<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>Ben Franklin Station, P.O. Box 227<br>Washington, DC  20044<br>Telephone: (202) 307-2250<br>Fax: (202) 514-6866<br>christopher.j.williamson@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I certify that on June 17, 2016, I filed the foregoing UNITED STATES' MEMORANDUM IN COMPLIANCE WITH THE COURT'S MAY 21, 2016 ORDER with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including plaintiff's counsel.

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON

14046557.1