**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SUSAN ABULHAWA, et al.

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF THE TREASURY, et al.

Defendants.

Case No. 1:15-cv-2186-RDM

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COME NOW the Plaintiff s herein and through undersigned counsel respectfully request leave to file the Second Amended Complaint submitted to this Court on April 4, 2016. Defendant Treasury, in its reply to Plaintiffs' opposition to Treasury's motion to dismiss, correctly pointed out that undersigned counsel failed to comply with Federal Rule of Civil Procedure 15(a)(2) which permits a second amended complaint "only with the opposing party's written consent or the Court's leave." Undersigned counsel apologizes for this oversight. In an attempt to remedy this inadvertent oversight, Plaintiffs hereby request leave of this Court to file the aforementioned Second Amended Complaint. This Court should grant leave to amend because: (a) no prejudice has or will inure to Defendant Treasury by granting leave to amend despite undersigned counsel's oversight; (b) judicial economy is best served by granting leave to amend; and (c) it is in the interest of justice that leave be granted.

## I. NO PREJUDICE HAS OR WILL INURE TO DEFENDANT TREASURY BY GRANTING LEAVE TO AMEND

In its reply to Plaintiffs' opposition to Treasury's motion to dismiss, Treasury does not argue, indeed, it cannot argue, that prejudice has inured to it due to Plaintiffs' failure to request leave to amend prior to their filing of their Second Amended Complaint. Plaintiffs filed the Second Amended Complaint on April 4, 2016, prior to Treasury's filing of its motion to dismiss. Furthermore, Treasury had, and took, the opportunity to address in detail the allegations made in the Second Amended Complaint in its reply. (*See Reply* at 3-5). Should Treasury express the sentiment that it was somehow unable to fully address those allegations and desire to supplement its reply, Plaintiffs would be happy to indulge. But given that pursuant to Local Rule LCvR7(e) the page limit for replies is 25 pages, Treasury's filing of a 10-page reply indicates that it has already exhausted all of its arguments on the subject matter of the Second Amended Complaint. Because both sides have been able to fully address the issues therein, no prejudice has or will inure to Treasury.

## II. JUDICIAL ECONOMY IS BEST SERVED BY GRANTING PLAINTIFFS LEAVE TO FILE THE SECOND AMENDED COMPLAINT

Judicial economy (*see* Fed R. Civ. P. 1) militates for the granting of leave to amend because otherwise a second, similar lawsuit will be filed by the Plaintiffs whose names were added to the Second Amended Complaint. Plaintiffs such as Linda Kateeb, Ahmed Al-Zeer, and Reverend Danny Awad did not join the lawsuit prior to the filing of the First Amended Complaint, so their names and the allegations specific to their damages appear only on the Second Amended Complaint. As more fully discussed in Plaintiffs' opposition to Treasury's motion to dismiss, some of these latter Plaintiffs have injuries that are much more directly connected to Treasury's failure to perform the duty it owes them than some of the Plaintiffs whose names appear on the original Complaint

and the First Amended Complaint. (*See* Pls.' Opp. at 6-14 (outlining in detail the direct causal link between the injuries suffered by Plaintiffs Kateeb, Al-Zeer, and Awad and Treasury's inaction).

These Plaintiffs were added to the lawsuit specifically because they substantially strengthen the causal connection alleged, and thus if this Court were to only focus on the original Complaint or the First Amended Complaint, it would be failing to address all of the issues raised by the Second Amended Complaint. Plaintiffs Kateeb, Al-Zeer, Awad, and others would thus be able (and indeed, predisposed) to file a new complaint in order to bring their unique claims and issues before this Court for consideration. Thus, Plaintiffs respectfully submit that it is in the interests of judicial economy for this Court to hear these claims now, especially since they have been fully briefed by both sides.

## III. IT IS IN THE INTERESTS OF JUSTICE FOR THIS COURT TO GRANT LEAVE TO FILE THE SECOND AMENDED COMPLAINT BECAUSE THE PLAINTIFFS HAVE SUFFERED REAL DAMAGES DUE TO

In accordance with Fed. R. Civ. P. 1, the Federal Rules of Civil Procedure should be "construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The Plaintiffs herein have suffered significant property, pecuniary, and emotional damages due to the ongoing pattern of violence funded by the tax-exempt entities Defendant Treasury has been tasked with regulating. At the very least, they deserve to have this Court hear and entertain the arguments they put forth. Defendant Treasury has correctly pointed out undersigned counsel's oversight in terms of requesting leave to amend. However, Treasury's perfunctory statement that the Second Amended Complaint should be disregarded is undercut by Treasury's own decision to acknowledge and address the allegations therein, perhaps because Treasury recognizes the injustice of standing on procedure otherwise. Plaintiffs believe that justice requires that the newly-added Plaintiffs' claims be heard, and

respectfully requests leave of this Court to file the Second Amended Complaint originally submitted for filing in this Court on April 4, 2016.

Dated: July 1, 2016

Respectfully Submitted,

*/s/ Martin F. McMahon*

Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Martin F. McMahon & Associates
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
(202) 862 - 4343
mm@martinmcmahonlaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on July 1, 2016, I filed the foregoing PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including defense counsel.

*/s/ Martin F. McMahon*
Martin F. McMahon, Esq.