IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN ABULHAWA *et. al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-2186-RDM |
| ) | |
| UNITED STATES DEPARTMENT OF TREASURY ) | |
| and UNITED STATES DEPARTMENT OF THE ) | |
| TREASURY SECRETARY JACOB LEW, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THE UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

On April 4, 2016, plaintiffs filed a second amended complaint, without first seeking leave from the Court or the consent of the United States. (*See* Doc. 9.) Nearly three months later, plaintiffs filed a motion seeking leave to file that same complaint. (*See* Doc. 18.) This Court should deny plaintiffs' motion because their request is unduly delayed and amendment would be futile.

Federal Rule of Civil Procedure 15(a) states that the "Court should freely give leave [to amend] when justice so requires." This Court has discretion to determine whether to grant a motion for leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may deny leave to amend for a variety of reasons, including undue delay and futility of amendment. *See id.*

On December 16, 2015, three plaintiffs filed the initial complaint. (*See* Doc. 1.) On February 5, 2016, plaintiffs filed an amended complaint, which added 29 plaintiffs.

(*See* Doc. 7.) On April 4, 2016, prior to the date by which the United States was to respond to the amended complaint and before counsel for the United States appeared in the case, plaintiffs filed a second amended complaint, which added five more plaintiffs and contained additional allegations. (*See* Doc. 9.) Plaintiffs' undue delay in seeking leave to amend is a sufficient reason to deny the motion.

But more importantly, plaintiffs' request is futile because the Second Amended Complaint fails for the same reasons as the initial and amended Complaints. An amended complaint is futile "if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C.2002). The D.C. Circuit held that "[c]ourts may deny a motion to amend a complaint as futile, as the district court did here, if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing *Foman*, 371 U.S. at 181–82; *Moldea v. New York Times*, 22 F.3d 310, 319 (D.C. Cir. 1994)). Likewise, leave to amend should be denied where a second amended complaint would fail for the same reasons "as those dooming [a] first amended complaint." *Mahon v. Anesthesia Business Consultants, LLC*, No. 15-1227, 2016 WL 1452333, at *9 (D.D.C. Apr. 13, 2016).

The United States moved to dismiss this case because none of the plaintiffs have standing to sue and this Court does not have authority to grant any of the relief sought. (*See* Doc. 10.) The United States demonstrated in its memorandum in support of the motion to dismiss that the original plaintiffs plus those added in the amended

14135731.1

complaint lack standing to sue. (*See* Doc. 10-1 at 6-12.) In its reply, the United States further demonstrated that the five plaintiffs added in the second amended complaint (plus intervenor Sam Abrams) also lack standing for the same reasons. (*See* Doc. 16 at 2-6.) Moreover, all of the plaintiffs seek the same, unavailable relief from this Court, namely the investigation of the tax-exempt status of certain organizations. (*See* Doc. 10-1 at 12-17; Doc. 16 at 6-8.)

The second amended complaint does not correct the fundamental flaws of the initial and amended complaints. It therefore would be dismissed for the same reasons. Accordingly, this Court should deny leave to file the second amended complaint because plaintiffs' request is futile.

Dated:   July 18, 2016  Respectfully submitted,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON
OLGA L. TOBIN
Trial Attorneys, Tax Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 227
Washington, DC  20044
Telephone: (202) 307-2250
Fax: (202) 514-6866
christopher.j.williamson@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 18, 2016, I filed the foregoing THE UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including plaintiff's counsel.

/s/ Christopher J. Williamson
CHRISTOPHER J. WILLIAMSON

14135731.1