IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SUSAN ABULHAWA, et al. | ) |
| Plaintiffs, | ) Case No. 1:15-cv-2186-RDM |
| v. | ) |
| UNITED STATES DEPARTMENT OF THE TREASURY, et al. | ) |
| Defendants. | ) |

**PLAINTIFFS' REPLY TO DEFENDANT TREASURY'S OPPOSITION RE: THE SECOND AMENDED COMPLAINT**

Come now the Plaintiffs herein and through undersigned counsel hereby reply to Treasury's Opposition to Plaintiffs' Motion for Leave to file the Second Amended Complaint. Treasury's Opposition is premised on two points: (a) the Plaintiffs lack standing and; (b) this Court is unable to fashion an appropriate remedy even if Plaintiffs can establish that they have standing. Both points have already been addressed by the Plaintiffs in their Opposition to Treasury's Motion to Dismiss. As reiterated herein, neither point has merit.

I. **Plaintiffs do have standing to complain of Treasury's inaction and refusal to enforce its own tax-exempt regulation.**

As detailed in Plaintiffs Opposition to Defendant's Motion to Dismiss there are a number of Plaintiffs who can satisfy the standing test. Without rehashing the circumstances of the different Plaintiffs, this Court only needs to focus on Plaintiff Linda Kateeb. She owns six [6] parcels of valuable property in Palestine and two of those parcels are now owned [courtesy of a forged deed] and occupied by violent settlers protected by Israeli soldiers. Even though she has good title to this property and her father's original deeds, her Palestinian attorney was unable to record the deeds for

1

two parcels because violent settlers had claimed ownership therein. This is not an unusual situation; violent settlers assisted by the Israeli army have been illegally confiscating private Palestinian property like Plaintiff Kateeb's for years with the financial assistance afforded by U.S. based 501(c)(3)s. As explained in the complaint, this is due to Treasury's failure to monitor the criminal activities of these 501(c)(3)s and revoke their tax-exempt status.

The reason there is a link between Plaintiff Kateeb's damages and Treasury's lack of enforcement of their own tax-exempt regulations is that the violent settlers who now claim ownership of her property come from a nearby settlement, which has been funded by U.S. based tax-exempt entities. That settlement hired a security official with those funds who trained the settlers in use of automatic weapons and sniper scopes. The settlement has been using funds received from U.S based 501(c)(3)s for at least twenty years. Those funds enable settlement leaders to buy sophisticated weapons and set up sniper schools for settlers. If the settlers were not armed and trained in the use of such weapons, courtesy of funding provided by these 501(c)(3)s, then there would have been no attempt made to occupy Plaintiff Kateeb's land illegally. The settlers wouldn't have posed a threat to their Palestinian neighbors because they would be unarmed and untrained civilians with no expertise in the use of automatic weapons and sniper scopes. Thus, there is definitely a connection [arms trafficking and theft of private property] between Treasury's lack of enforcement and the injury that Plaintiff Kateeb suffered as explained more fully in Plaintiffs Opposition to Defendant's Motion to Dismiss.

**II.     Contrary to Treasury's assertion, this Court has the ability to frame an appropriate remedy under the circumstances.**

Once more Treasury seeks to mislead the court into thinking that this is a huge undertaking that the Plaintiffs are requiring the Court to pursue. However, as the claim for relief clearly suggests, all the Plaintiffs are asking is that Treasury finally start an investigation of the 501(c)(3)s referenced

in this lawsuit. They have committed tax fraud and are part of a money-laundering scheme as detailed in the complaint. Minimal research reveals that Israel is the most popular foreign country to receive tax-exempt funds from U.S. based 501(c)(3)s. The amount of such funding is astonishing - in 2007 Israel based NGOs like Friends of the Israeli army received $1.7 billion from these entities. These funds were used to subsidize the operations of the Israeli army including the forceful expulsion of all non-Jews from the occupied territories. They did so by assisting violent settlers in stealing Palestinian private property like that owned by Plaintiff Kateeb.

As this Court knows, Plaintiffs claim that this is an ongoing criminal money-laundering scheme. As is obvious, Treasury has the man power, the resources, and necessary expertise to deal with money laundering and the other criminal activities that pro-Israeli 501(c)(3)s have engaged in for at least twenty years. This Court can simply order Treasury to initiate an investigation as to any 501(c)(3) which sends $10,000 or more overseas especially if these funds are financially supporting arms trafficking. The Plaintiffs would be able to fashion an appropriate remedy with Treasury's counsel and embody the terms thereof in a Proposed Order. Plaintiffs would only ask that this Court monitor how the investigation is proceeding and any results that flow from the investigation, for example, revoking tax-exempt status. This should not be an undue burden for the Court. In doing so, the Court is not telling the Treasury how to perform its investigation. The Court is simply ordering the Treasury Department to start an investigation in light of the abuses detailed herein, i.e. at least five tax exempt regulations and eight federal criminal statues have been violated by the 501(c)(3)s listed in this Complaint.

## Conclusion

This opposition falls into the well known category of "heard and addressed before". For the reasons set forth herein and the Plaintiffs Opposition to Treasury's Motion to Dismiss, the Plaintiffs request that the Second Amended complaint be filed forthwith.

4

Dated: July 20, 2016                    Respectfully Submitted,

*/s/ Martin F. McMahon*

Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Martin F. McMahon & Associates
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
(202) 862 - 4343
mm@martinmcmahonlaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I certify that on July 20, 2016, I filed the foregoing PLAINTIFFS' REPLY TO DEFENDANT TREASURY'S OPPOSITION RE: THE SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice, including defense counsel.

                                              */s/ Martin F. McMahon*
                                              Martin F. McMahon, Esq.