UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN ABULHAWA, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*,

    *Defendants*.

Civil Action No. 15-2186 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiffs, "a group of individuals sharing 'mutual concerns' about Israeli settlements in the West Bank and East Jerusalem," filed suit against the Department of the Treasury and the Secretary of the Treasury in 2015, alleging that the Department improperly granted tax-exempt status to roughly "'200 U.S.[-based] pro-Israeli-settlement' organizations" who, in turn, funneled tax-advantaged American donations to Israeli settlers in order to fund the "infliction of an array of wrongs against the Palestinian people." *Abulhawa v. U.S. Dep't of the Treasury*, --- F. Supp. 3d ---, 2017 WL 883609, at *1 (D.D.C. Mar. 4, 2017) ("*Abulhawa I*") (quoting Dkt. 7 at 4, 8 (Am. Compl.)). Defendants moved to dismiss Plaintiffs' amended complaint on jurisdictional grounds, Dkt. 10, and Plaintiffs' moved for leave to file a second amended complaint adding five additional plaintiffs, Dkt. 18. Concluding that neither the existing Plaintiffs nor the additional plaintiffs identified in the proposed second amended complaint had Article III standing, the Court granted Defendants' motion to dismiss the amended complaint for lack of standing and denied Plaintiffs' motion for leave to amend as futile. *Abulhawa I*, 2017 WL 883609, at *1. As the Court explained at length in its prior opinion, neither the amended complaint nor the

proposed second amended complaint "allege[d] facts sufficient" to show causation and redressability, two of the three "essential elements of constitutional standing." *Id.* at *9.

Plaintiffs now move for reconsideration, arguing (1) that the Court erred by "adopt[ing]" an inappropriately "rigorous standard of proof" at the "[m]otion to [d]ismiss stage;" (2) that it "failed to recognize that [the requested relief] would redress Plaintiffs' injuries;" and (3) that it misunderstood the "nature of the criminal activities engaged in by the settlers and financed by U.S. tax-exempt entities." Dkt. 23 at 1. Because Plaintiffs' motion for reconsideration merely rehashes arguments that they previously made and that the Court previously rejected, the Court will **DENY** Plaintiffs' motion.

Although Plaintiffs do not identify which of the Federal Rules of Civil Procedure they rely upon, "a motion to reconsider a final judgment is generally treated as a Rule 59(e) or Rule 60(b) motion." *West v. Holder*, 309 F.R.D. 54, 55 (D.D.C. 2015). Under either rule, however, a "[m]otion[] for reconsideration . . . [is] 'not simply an opportunity to reargue facts and theories upon which a court has already ruled,'" *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)), or to "present[] theories or arguments that could have been advanced earlier," *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015) (quoting *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)). Relief under Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (internal quotation marks omitted). "[T]he decision to grant or deny a [R]ule 60(b) motion is," likewise, "committed to the discretion of the [d]istrict [c]ourt," *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476

(D.C. Cir. 1993), and requires that the movant make a showing of "extraordinary circumstances," *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 485 (D.C. Cir. 2016) (quoting *Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir. 2007)). Under either standard, Plaintiffs have failed to carry their burden of demonstrating that reconsideration is warranted.

Plaintiffs first contend that the Court applied a standard "more appropriate for the [s]ummary [j]udgment stage [than for] the [m]otion to [d]ismiss stage." Dkt. 23 at 1. They assert, for example, that the Court "failed to assume for purposes of [the motion to dismiss] the merits of the allegations contained in" the amended complaint. *Id.* at 16. That is incorrect. As the Court explained, it accepted Plaintiffs' "factual allegations as true and [drew] all reasonable inferences from those allegations in [Plaintiffs'] favor." *Abulhawa I*, 2017 WL 883609, at *1 (quoting *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015)) (second alteration in original). In doing so, moreover, the Court applied settled law requiring that a challenge to a plaintiff's standing be assessed in "the manner and degree . . . required at the [relevant] stage[] of the litigation." *Id.* at *3 (quoting *Arpaio*, 797 F.3d at 19). The Court, accordingly, considered whether the complaint "contain[ed] sufficient factual matter, accepted as true, to state a claim [of standing] that [was] plausible on its face." *Id.* (quoting *Arpaio*, 797 F.3d at 19) (second alteration in original).

According to Plaintiffs, the Court demanded too much—or prematurely applied the summary judgment standard—when it rejected their allegations of causation as unduly attenuated and speculative. That Court, again, disagrees. Plaintiffs are correct that "[t]he fact that [a] potential injury would be the result of a chain of events does not *always* preclude standing." Dkt. 23 at 14–15 (quoting 15 J. Moore et al., Moore's Federal Practice § 101.40[4] (3d ed. 2017)) (emphasis added) (alteration in original). But it is equally true that, at times, a

3

chain of events can be too remote to support a claim of standing. As explained in the Court's earlier opinion, the "precise contours of Article III standing . . . can often be [defined] 'by comparing the allegations of the particular complaint to those made in prior standing cases.'" *Abulhawa I*, 2017 WL 883609, at *7 (quoting *Allen v. Wright*, 468 U.S. 737, 751–52 (1984)). Here, cases including *Allen v. Wright*, 468 U.S. 737 (1984), *Khalaf v. Regan*, No. 85-5274, 1986 U.S. App. LEXIS 33734 (D.C. Cir. Sept. 19, 1986), and *Fulani v. Brady*, 935 F.2d 1324 (D.C. Cir. 1991), leave little doubt that the chains of events alleged in Plaintiffs' amended complaint and proposed second amended complaint are too attenuated to support a claim of standing. Plaintiffs' arguments to the contrary amount to nothing more than disagreement with the Court's analysis and conclusion and thus do not justify reconsideration.

Plaintiffs also argue that the Court erred by concluding that they had not established the redressability element of standing, asserting that the "Court does not appreciate that [the Israeli] settlements are dependent on . . . annual funding by the U.S. tax-exempt entities" and that, "[w]ithout the tax-exempt funding, the harm caused to the Plaintiffs by these settlements would thus cease." Dkt. 23 at 12–13. But the Court considered precisely that argument and rejected it, concluding that such a "chain of inferences . . . require[d] the Court to 'pile conjecture [upon] conjecture,'" and that the "likelihood that [Plaintiffs'] requested relief would actually redress an imminent harm . . . [wa]s both speculative and remote." *Abulhawa I*, 2017 WL 883609, at *8 (quoting *West v. Lynch*, 845 F.3d 1228, 1237 (D.C. Cir. 2017)). Once again, Plaintiffs simply disagree with the Court's analysis and conclusions and, accordingly, have failed to carry their heavy burden of showing that reconsideration is warranted.

Finally, Plaintiffs assert that, "in its rush to judgment," the Court "glossed over important facts in the complaint," among them the extent of the "crimes . . . financed by U.S. non-profits,"

4

the alleged severity of the injuries suffered by Plaintiffs, and the "millions of dollars" of lost revenue owed to Defendants. *See* Dkt. 23 at 1–3. To the contrary, the Court expressly considered the "litany of allegations of wrongdoing by the U.S.-based § 501(c)(3) entities" contained in Plaintiffs' amended complaint and proposed second amended complaint. *Abulhawa I*, 2017 WL 883609, at *3. Allegations of criminal and other misconduct, however, are not alone sufficient to establish that Plaintiffs' alleged injuries were *caused* by that misconduct or that the relief sought in Plaintiffs' amended complaint or proposed amended complaint would be *redressed* by the relief sought. The flaws with Plaintiffs' amended complaint and proposed second amended complaint are not that they fail to allege wrongdoing, but that they rely on theories of causation and redressability that are overly speculative and attenuated.

"[I]t is well-established that 'motions for reconsideration,' whatever their procedural basis, cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled.'" *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (quoting *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)). Yet, that is precisely what Plaintiffs seek to do. "[F]iling a motion of this kind is almost never appropriate," *id.*, and, because Plaintiffs have offered no reason to conclude that their motion for reconsideration warrants departure from that general rule, the Court will deny the motion.

## CONCLUSION

Plaintiffs' motion for reconsideration (Dkt. 23) is, accordingly, hereby **DENIED**.

**SO ORDERED.**

                                                  /s/ Randolph D. Moss
                                                  RANDOLPH D. MOSS
                                                  United States District Judge

Date: June 7, 2017