APPEAL,CLOSED,TYPE−E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:15−cv−02186−RDM
### *Internal Use Only*

| | |
|---|---|
| ABDEL AZIZ et al v. TREASURY DEPARTMENT et al | Date Filed: 12/16/2015 |
| Assigned to: Judge Randolph D. Moss | Date Terminated: 03/06/2017 |
| Demand: $0 | Jury Demand: None |
|  Case:  1:16−cv−02288−RDM | Nature of Suit: 890 Other Statutory Actions |
| Cause: 28:1361 Petition for Writ of Mandamus | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**MOHAMED ABDEL AZIZ**   represented by   **Martin F. McMahon**
*TERMINATED: 02/05/2016*   MCMAHON & ASSOCIATES
1150 Connecticut Avenue, NW
Suite 900
Washington, DC 20036
(202) 862−4343
Fax: (202) 828−4130
Email: mm@martinmcmahonlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SUSAN ABULHAWA**   represented by   **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MICHAEL SEVERAL**   represented by   **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AVRAHAM PELED**   represented by   **Martin F. McMahon**
*also known as*   (See above for address)
MIKO PELED   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**PEGGY AHWESH**   represented by   **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JAMES ANDERSON**   represented by   **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Plaintiff** | | |
| ALICE BACH | represented by | **Martin F. McMahon** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| ANTOINE BOGHOSSIAN | represented by | **Martin F. McMahon** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| GLORIA BOGHOSSIAN | represented by | **Martin F. McMahon** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| TANIA BOGHOSSIAN | represented by | **Martin F. McMahon** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| JOHN BOYD | represented by | **Martin F. McMahon** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| MARINA BUHLER–MIKO | represented by | **Martin F. McMahon** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| JAMES COBEY | represented by | **Martin F. McMahon** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| JOHN DOE | represented by | **Martin F. McMahon** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| ABDUR–RAHIM DUDAR | represented by | **Martin F. McMahon** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Plaintiff** | | |
| TY EBRIGHT | represented by | |

                   **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ABBAS HAMIDEH**     represented by  **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**STEVEN GOOSSEN**     represented by  **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**RAY GORDON**     represented by  **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LINDA MANSOUR**     represented by  **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DONNA NASSOUR**     represented by  **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ROBIN NICHOLAS**     represented by  **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALAN NOFAL**     represented by  **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**MICHAEL RABB**     represented by  **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**MARY SCHULTZ**     represented by  **Martin F. McMahon**
                   (See above for address)
                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LYNN SCHULTZ**  represented by  **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RICH SIEGEL**  represented by  **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GRANT SMITH**  represented by  **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MICHAEL SMITH**  represented by  **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LOU STONE**  represented by  **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ROBIE TENORIO**  represented by  **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOHN VAN WAGONER**  represented by  **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LINDA VASQUEZ**  represented by  **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALL PLAINTIFFS**  represented by  **Martin F. McMahon**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **UNITED STATES DEPARTMENT OF TREASURY** | represented by | **Christopher James Williamson**<br>U.S. Department of Justice<br>Tax Division<br>P.O. Box 227<br>Washington, DC 20044<br>202−307−2250<br>Fax: 202−514−6866<br>Email: christopher.j.williamson@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **JACOB J. LEW**<br>*in his official capacity as Secretary of the Treasury*<br>*TERMINATED: 02/14/2017* | represented by | **Christopher James Williamson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **STEVEN TERNER MNUCHIN**<br>*Secretary of the Treasury* | represented by | **Christopher James Williamson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **SAM ABRAMS**<br>*TERMINATED: 03/04/2017* | represented by | **David N. Abrams**<br>DAVID ABRAMS, ATTORNEY AT LAW<br>305 Broadway<br>Suite 601<br>New York, NY 10007<br>(212) 897−5821<br>Fax: (212) 897−5811<br>Email: dnabrams@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/16/2015 | 1 | | COMPLAINT *against ALL DEFENDANTS ") ( Filing fee $ 400 receipt number 0090−4351388) filed by MOHAMED ABDEL AZIZ, MICHAEL SEVERAL, SUSAN ABULHAWA. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Civil Cover Sheet, # 4 Summons, # 5 Summons)(McMahon, Martin) (Entered: 12/16/2015)* |
| 12/16/2015 | | | Case Assigned to Judge Randolph D. Moss. (md) (Entered: 12/17/2015) |
| 12/21/2015 | | | SUMMONS Not Issued as to JACOB J. LEW, UNITED STATES DEPARTMENT OF TREASURY, U.S. Attorney, U.S. Attorney General. (INCORRECT SUMMONS WERE FILED AT THE TIME COMPLAINT WAS FILED) (md) (Entered: 12/21/2015) |

| | | | |
|---|---|---|---|
| 12/29/2015 | 2 | | NOTICE *of corrected summons* by MOHAMED ABDEL AZIZ, SUSAN ABULHAWA, MICHAEL SEVERAL (McMahon, Martin) (Entered: 12/29/2015) |
| 12/29/2015 | 3 | | NOTICE *of corrected summons* by MOHAMED ABDEL AZIZ, SUSAN ABULHAWA, MICHAEL SEVERAL (McMahon, Martin) (Entered: 12/29/2015) |
| 12/30/2015 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 2 Notice (Other), 3 Notice (Other) were not issued (blank). Counsel is instructed to save the summons in PDF format and refile said pleading using the event "Request for Summons to Issue". (zrdj) (Entered: 12/30/2015) |
| 12/30/2015 | 4 | | REQUEST FOR SUMMONS TO ISSUE filed by MOHAMED ABDEL AZIZ, MICHAEL SEVERAL, SUSAN ABULHAWA.(McMahon, Martin) (Entered: 12/30/2015) |
| 12/30/2015 | 5 | | REQUEST FOR SUMMONS TO ISSUE filed by MOHAMED ABDEL AZIZ, MICHAEL SEVERAL, SUSAN ABULHAWA.(McMahon, Martin) (Entered: 12/30/2015) |
| 12/30/2015 | 6 | | SUMMONS (2) Issued Electronically as to JACOB J. LEW, UNITED STATES DEPARTMENT OF TREASURY. (Attachments: # 1 Consent Forms)(zrdj) (Entered: 12/30/2015) |
| 02/05/2016 | 7 | | AMENDED COMPLAINT against All Defendants filed by MICHAEL SEVERAL, SUSAN ABULHAWA.(McMahon, Martin) (Entered: 02/05/2016) |
| 03/09/2016 | 8 | | ENTERED IN ERROR.....NOTICE of Appearance by David N. Abrams on behalf of Sam Abrams (Abrams, David) Modified on 4/5/2016 (zrdj). (Entered: 03/09/2016) |
| 04/04/2016 | 9 | | AMENDED COMPLAINT against All Defendants filed by AVRAHAM PELED, DONNA NASSOUR, RAY GORDON, ALAN NOFAL, SUSAN ABULHAWA, MOHAMED ABDEL AZIZ, ABDUR–RAHIM DUDAR, MICHAEL SMITH, MARY SCHULTZ, TY EBRIGHT, STEVEN GOOSSEN, ROBIN NICHOLAS, ABBAS HAMIDEH, MARINA BUHLER–MIKO, JOHN VAN WAGONER, PEGGY AHWESH, JOHN DOE, LINDA VASQUEZ, RICH SIEGEL, ROBIE TENORIO, ALL PLAINTIFFS, LYNN SCHULTZ, LINDA MANSOUR, ALICE BACH, LOU STONE, MICHAEL SEVERAL, JAMES COBEY, ANTOINE BOGHOSSIAN, JOHN BOYD, GRANT SMITH, JAMES ANDERSON, TANIA BOGHOSSIAN, MICHAEL RABB, GLORIA BOGHOSSIAN.(McMahon, Martin) (Entered: 04/04/2016) |
| 04/08/2016 | 10 | | MOTION to Dismiss by JACOB J. LEW, UNITED STATES DEPARTMENT OF TREASURY (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Williamson, Christopher) (Entered: 04/08/2016) |
| 04/19/2016 | 11 | | Joint MOTION for Extension of Time to File Response/Reply as to 10 MOTION to Dismiss *(Opposition and Reply)* by MOHAMED ABDEL AZIZ, SUSAN ABULHAWA, PEGGY AHWESH, ALL PLAINTIFFS, JAMES ANDERSON, ALICE BACH, ANTOINE BOGHOSSIAN, GLORIA BOGHOSSIAN, TANIA BOGHOSSIAN, JOHN BOYD, MARINA BUHLER–MIKO, JAMES COBEY, JOHN DOE, ABDUR–RAHIM DUDAR, TY EBRIGHT, STEVEN GOOSSEN, RAY GORDON, ABBAS HAMIDEH, |

| | | |
|---|---|---|
| | | LINDA MANSOUR, DONNA NASSOUR, ROBIN NICHOLAS, ALAN NOFAL, AVRAHAM PELED, MICHAEL RABB, LYNN SCHULTZ, MARY SCHULTZ, MICHAEL SEVERAL, RICH SIEGEL, GRANT SMITH, MICHAEL SMITH, LOU STONE, ROBIE TENORIO, LINDA VASQUEZ, JOHN VAN WAGONER (Attachments: # 1 Text of Proposed Order)(McMahon, Martin) (Entered: 04/19/2016) |
| 04/19/2016 | | MINUTE ORDER: The parties' joint motion to extend the briefing schedule on Defendants' motion to dismiss 11 is hereby GRANTED. Plaintiffs shall respond to Defendants' motion to dismiss on or before May 20, 2016. Defendants shall file any reply on or before June 10, 2016. Signed by Judge Randolph D. Moss on 4/19/2016. (lcrdm2, ) (Entered: 04/19/2016) |
| 04/20/2016 | | Set/Reset Deadlines: Plaintiffs shall respond to Defendants' motion to dismiss on or before 5/20/2016; Defendants shall file any reply on or before 6/10/2016. (kt) (Entered: 04/20/2016) |
| 05/05/2016 | 12 | NOTICE of Appearance by David N. Abrams on behalf of Sam Abrams (Abrams, David) (Entered: 05/05/2016) |
| 05/05/2016 | 13 | MOTION to Intervene by Sam Abrams (Attachments: # 1 Exhibit Proposed Complaint in Intervention, # 2 Exhibit Proposed Order)(Abrams, David) (Entered: 05/05/2016) |
| 05/17/2016 | 14 | Second MOTION for Extension of Time to File Response/Reply as to 10 MOTION to Dismiss by MOHAMED ABDEL AZIZ, SUSAN ABULHAWA, PEGGY AHWESH, ALL PLAINTIFFS, JAMES ANDERSON, ALICE BACH, ANTOINE BOGHOSSIAN, GLORIA BOGHOSSIAN, TANIA BOGHOSSIAN, JOHN BOYD, MARINA BUHLER–MIKO, JAMES COBEY, JOHN DOE, ABDUR–RAHIM DUDAR, TY EBRIGHT, STEVEN GOOSSEN, RAY GORDON, ABBAS HAMIDEH, LINDA MANSOUR, DONNA NASSOUR, ROBIN NICHOLAS, ALAN NOFAL, AVRAHAM PELED, MICHAEL RABB, LYNN SCHULTZ, MARY SCHULTZ, MICHAEL SEVERAL, RICH SIEGEL, GRANT SMITH, MICHAEL SMITH, LOU STONE, ROBIE TENORIO, LINDA VASQUEZ, JOHN VAN WAGONER (Attachments: # 1 Text of Proposed Order)(McMahon, Martin) (Entered: 05/17/2016) |
| 05/17/2016 | | MINUTE ORDER: The parties' second joint motion to extend the briefing schedule 14 is hereby GRANTED. Plaintiffs shall respond to Defendants' motion to dismiss on or before May 27, 2016. Defendants shall file any reply on or before June 17, 2016. Signed by Judge Randolph D. Moss on 5/17/2016. (lcrdm2, ) (Entered: 05/17/2016) |
| 05/18/2016 | | Set/Reset Deadlines: Plaintiffs shall respond to Defendants' motion to dismiss on or before 5/27/2016; Defendants shall file any reply on or before 6/17/2016. (kt) (Entered: 05/18/2016) |
| 05/21/2016 | | MINUTE ORDER: Sam Abrams filed a motion to intervene on May 5, 2016 13 . The time period set out under Local Rule 7(b) for opposing the putative intervenor's motion having expired, and no opposition having been filed, the Court hereby orders Defendant to file a brief on or before June 17, 2016, regarding whether the putative intervenor has standing, as well as any other issues that may bear on whether the motion should be granted. Signed by Judge Randolph D. Moss on 5/21/2016. (lcrdm2, ) (Entered: 05/21/2016) |

| | | | |
|---|---|---|---|
| 05/23/2016 | | | Set/Reset Deadlines: Defendant to file a brief on or before 6/17/2016. (kt) (Entered: 05/23/2016) |
| 05/27/2016 | 15 | | Memorandum in opposition to re 10 MOTION to Dismiss filed by MOHAMED ABDEL AZIZ, SUSAN ABULHAWA, PEGGY AHWESH, ALL PLAINTIFFS, JAMES ANDERSON, ALICE BACH, ANTOINE BOGHOSSIAN, GLORIA BOGHOSSIAN, TANIA BOGHOSSIAN, JOHN BOYD, MARINA BUHLER–MIKO, JAMES COBEY, JOHN DOE, ABDUR–RAHIM DUDAR, TY EBRIGHT, STEVEN GOOSSEN, RAY GORDON, ABBAS HAMIDEH, LINDA MANSOUR, DONNA NASSOUR, ROBIN NICHOLAS, ALAN NOFAL, AVRAHAM PELED, MICHAEL RABB, LYNN SCHULTZ, MARY SCHULTZ, MICHAEL SEVERAL, RICH SIEGEL, GRANT SMITH, MICHAEL SMITH, LOU STONE, ROBIE TENORIO, LINDA VASQUEZ, JOHN VAN WAGONER. (Attachments: # 1 Affidavit Exhibit 1)(McMahon, Martin) (Entered: 05/27/2016) |
| 06/17/2016 | 16 | | REPLY to opposition to motion re 10 MOTION to Dismiss filed by UNITED STATES DEPARTMENT OF TREASURY. (Williamson, Christopher) (Entered: 06/17/2016) |
| 06/17/2016 | 17 | | RESPONSE TO ORDER OF THE COURT re Order, *in Compliance with the Court's May 21, 2016 Order* filed by UNITED STATES DEPARTMENT OF TREASURY. (Williamson, Christopher) (Entered: 06/17/2016) |
| 07/01/2016 | 18 | | MOTION for Leave to File *Second Amended Complaint* by MOHAMED ABDEL AZIZ, SUSAN ABULHAWA, PEGGY AHWESH, ALL PLAINTIFFS, JAMES ANDERSON, ALICE BACH, ANTOINE BOGHOSSIAN, GLORIA BOGHOSSIAN, TANIA BOGHOSSIAN, JOHN BOYD, MARINA BUHLER–MIKO, JAMES COBEY, JOHN DOE, ABDUR–RAHIM DUDAR, TY EBRIGHT, STEVEN GOOSSEN, RAY GORDON, ABBAS HAMIDEH, LINDA MANSOUR, DONNA NASSOUR, ROBIN NICHOLAS, ALAN NOFAL, AVRAHAM PELED, MICHAEL RABB, LYNN SCHULTZ, MARY SCHULTZ, MICHAEL SEVERAL, RICH SIEGEL, GRANT SMITH, MICHAEL SMITH, LOU STONE, ROBIE TENORIO, LINDA VASQUEZ, JOHN VAN WAGONER (Attachments: # 1 Memorandum in Support Points and Authorities, # 2 Exhibit Second Amended Complaint, # 3 Text of Proposed Order)(McMahon, Martin) (Entered: 07/01/2016) |
| 07/18/2016 | 19 | | Memorandum in opposition to re 18 MOTION for Leave to File *Second Amended Complaint* filed by JACOB J. LEW, UNITED STATES DEPARTMENT OF TREASURY. (Williamson, Christopher) (Entered: 07/18/2016) |
| 07/20/2016 | 20 | | REPLY to opposition to motion re 18 filed by SUSAN ABULHAWA. (Attachments: # 1 Plaintiff's Reply to Defendant's Opposition RE: Second Amended Complaint)(McMahon, Martin) Modified on 7/21/2016 to add linkage (zrdj). (Entered: 07/20/2016) |
| 02/14/2017 | | | MINUTE ORDER: The Clerk is directed to substitute Secretary of the Treasury Steven Mnuchin for Jacob J. Lew as one of the proper defendants in this case. See Fed. R. Civ. P. 25(d). Signed by Judge Randolph D. Moss on 2/14/2017. (lcrdm1, ) (Entered: 02/14/2017) |
| 03/04/2017 | 21 | | |

| | | | |
|---|---|---|---|
| | | | ORDER: For the reasons stated in the Court's Memorandum Opinion 22 , Defendants' motion to dismiss Plaintiffs' amended complaint, Dkt. 10 , is hereby GRANTED. Plaintiffs' motion for leave to file a second amended complaint, Dkt. 18 , is hereby DENIED. Abrams's motion to intervene, Dkt. 13 , is hereby DENIED. See attached Order. Signed by Judge Randolph D. Moss on 3/4/2017. (lcrdm1, ) (Entered: 03/04/2017) |
| 03/04/2017 | 22 | | MEMORANDUM OPINION for Order 21 . See document for details. Signed by Judge Randolph D. Moss on 3/4/2017. (lcrdm1, ) (Entered: 03/04/2017) |
| 04/03/2017 | 23 | | MOTION for Reconsideration re 21 Order on Motion to Dismiss,, Order on Motion to Intervene,, Order on Motion for Leave to File, 22 Memorandum & Opinion by SUSAN ABULHAWA (McMahon, Martin) (Entered: 04/03/2017) |
| 04/14/2017 | 24 | | Memorandum in opposition to re 23 MOTION for Reconsideration re 21 Order on Motion to Dismiss,, Order on Motion to Intervene,, Order on Motion for Leave to File, 22 Memorandum & Opinion filed by UNITED STATES DEPARTMENT OF TREASURY. (Williamson, Christopher) (Entered: 04/14/2017) |
| 04/18/2017 | 25 | | REPLY to opposition to motion re 23 MOTION for Reconsideration re 21 Order on Motion to Dismiss,, Order on Motion to Intervene,, Order on Motion for Leave to File, 22 Memorandum & Opinion filed by SUSAN ABULHAWA. (McMahon, Martin) (Entered: 04/18/2017) |
| 06/07/2017 | 26 | 11 | MEMORANDUM OPINION AND ORDER: Plaintiffs' Motion for Reconsideration, Dkt. 23 , is hereby DENIED. See document for details. Signed by Judge Randolph D. Moss on 6/7/2017. (lcrdm1, ) Modified on 6/7/2017 (kt). (Entered: 06/07/2017) |
| 07/07/2017 | 27 | 10 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 26 Order on Motion for Reconsideration by SUSAN ABULHAWA. Filing fee $ 505, receipt number 0090−5022685. Fee Status: Fee Paid. Parties have been notified. (McMahon, Martin) (Entered: 07/07/2017) |

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

Plaintiff: **Susan Abulhawa, et al.,**

vs.   Civil Action No. **15-2186 (RDM)**

Defendant: **U.S. Treasury Dept., et al.,**

## CIVIL NOTICE OF APPEAL

Notice is hereby given this __7__ day of __July__ 20__17__, that

The Plaintiffs herein, Susan Abulhawa, et al.,

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the

judgement of this court entered on the __7__ day of __June__, 20__17__, in

favor of The Defendants, U.S. Treasury Dept., et al.

against said Plaintiffs, Susan Abulhawa, et al.

_____
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
August 2009 (REVISED)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUSAN ABULHAWA, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*,

    *Defendants.*

Civil Action No. 15-2186 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiffs, "a group of individuals sharing 'mutual concerns' about Israeli settlements in the West Bank and East Jerusalem," filed suit against the Department of the Treasury and the Secretary of the Treasury in 2015, alleging that the Department improperly granted tax-exempt status to roughly "'200 U.S.[-based] pro-Israeli-settlement' organizations" who, in turn, funneled tax-advantaged American donations to Israeli settlers in order to fund the "infliction of an array of wrongs against the Palestinian people." *Abulhawa v. U.S. Dep't of the Treasury*, --- F. Supp. 3d ---, 2017 WL 883609, at *1 (D.D.C. Mar. 4, 2017) ("*Abulhawa I*") (quoting Dkt. 7 at 4, 8 (Am. Compl.)). Defendants moved to dismiss Plaintiffs' amended complaint on jurisdictional grounds, Dkt. 10, and Plaintiffs' moved for leave to file a second amended complaint adding five additional plaintiffs, Dkt. 18. Concluding that neither the existing Plaintiffs nor the additional plaintiffs identified in the proposed second amended complaint had Article III standing, the Court granted Defendants' motion to dismiss the amended complaint for lack of standing and denied Plaintiffs' motion for leave to amend as futile. *Abulhawa I*, 2017 WL 883609, at *1. As the Court explained at length in its prior opinion, neither the amended complaint nor the

proposed second amended complaint "allege[d] facts sufficient" to show causation and redressability, two of the three "essential elements of constitutional standing." *Id.* at *9.

Plaintiffs now move for reconsideration, arguing (1) that the Court erred by "adopt[ing]" an inappropriately "rigorous standard of proof" at the "[m]otion to [d]ismiss stage;" (2) that it "failed to recognize that [the requested relief] would redress Plaintiffs' injuries;" and (3) that it misunderstood the "nature of the criminal activities engaged in by the settlers and financed by U.S. tax-exempt entities." Dkt. 23 at 1. Because Plaintiffs' motion for reconsideration merely rehashes arguments that they previously made and that the Court previously rejected, the Court will **DENY** Plaintiffs' motion.

Although Plaintiffs do not identify which of the Federal Rules of Civil Procedure they rely upon, "a motion to reconsider a final judgment is generally treated as a Rule 59(e) or Rule 60(b) motion." *West v. Holder*, 309 F.R.D. 54, 55 (D.D.C. 2015). Under either rule, however, a "[m]otion[] for reconsideration . . . [is] 'not simply an opportunity to reargue facts and theories upon which a court has already ruled,'" *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)), or to "present[] theories or arguments that could have been advanced earlier," *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 81 (D.D.C. 2015) (quoting *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011)). Relief under Rule 59(e) "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (internal quotation marks omitted). "[T]he decision to grant or deny a [R]ule 60(b) motion is," likewise, "committed to the discretion of the [d]istrict [c]ourt," *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476

(D.C. Cir. 1993), and requires that the movant make a showing of "extraordinary circumstances," *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 485 (D.C. Cir. 2016) (quoting *Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir. 2007)).  Under either standard, Plaintiffs have failed to carry their burden of demonstrating that reconsideration is warranted.

Plaintiffs first contend that the Court applied a standard "more appropriate for the [s]ummary [j]udgment stage [than for] the [m]otion to [d]ismiss stage." Dkt. 23 at 1.  They assert, for example, that the Court "failed to assume for purposes of [the motion to dismiss] the merits of the allegations contained in" the amended complaint.  *Id.* at 16.  That is incorrect.  As the Court explained, it accepted Plaintiffs' "factual allegations as true and [drew] all reasonable inferences from those allegations in [Plaintiffs'] favor." *Abulhawa I*, 2017 WL 883609, at *1 (quoting *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015)) (second alteration in original).  In doing so, moreover, the Court applied settled law requiring that a challenge to a plaintiff's standing be assessed in "the manner and degree . . . required at the [relevant] stage[] of the litigation."  *Id.* at *3 (quoting *Arpaio*, 797 F.3d at 19).  The Court, accordingly, considered whether the complaint "contain[ed] sufficient factual matter, accepted as true, to state a claim [of standing] that [was] plausible on its face."  *Id.* (quoting *Arpaio*, 797 F.3d at 19) (second alteration in original).

According to Plaintiffs, the Court demanded too much—or prematurely applied the summary judgment standard—when it rejected their allegations of causation as unduly attenuated and speculative.  That Court, again, disagrees.  Plaintiffs are correct that "[t]he fact that [a] potential injury would be the result of a chain of events does not *always* preclude standing." Dkt. 23 at 14–15 (quoting 15 J. Moore et al., Moore's Federal Practice § 101.40[4] (3d ed. 2017)) (emphasis added) (alteration in original).  But it is equally true that, at times, a

3

chain of events can be too remote to support a claim of standing. As explained in the Court's earlier opinion, the "precise contours of Article III standing . . . can often be [defined] 'by comparing the allegations of the particular complaint to those made in prior standing cases.'" *Abulhawa I*, 2017 WL 883609, at *7 (quoting *Allen v. Wright*, 468 U.S. 737, 751–52 (1984)). Here, cases including *Allen v. Wright*, 468 U.S. 737 (1984), *Khalaf v. Regan*, No. 85-5274, 1986 U.S. App. LEXIS 33734 (D.C. Cir. Sept. 19, 1986), and *Fulani v. Brady*, 935 F.2d 1324 (D.C. Cir. 1991), leave little doubt that the chains of events alleged in Plaintiffs' amended complaint and proposed second amended complaint are too attenuated to support a claim of standing. Plaintiffs' arguments to the contrary amount to nothing more than disagreement with the Court's analysis and conclusion and thus do not justify reconsideration.

Plaintiffs also argue that the Court erred by concluding that they had not established the redressability element of standing, asserting that the "Court does not appreciate that [the Israeli] settlements are dependent on . . . annual funding by the U.S. tax-exempt entities" and that, "[w]ithout the tax-exempt funding, the harm caused to the Plaintiffs by these settlements would thus cease." Dkt. 23 at 12–13. But the Court considered precisely that argument and rejected it, concluding that such a "chain of inferences . . . require[d] the Court to 'pile conjecture [upon] conjecture,'" and that the "likelihood that [Plaintiffs'] requested relief would actually redress an imminent harm . . . [wa]s both speculative and remote." *Abulhawa I*, 2017 WL 883609, at *8 (quoting *West v. Lynch*, 845 F.3d 1228, 1237 (D.C. Cir. 2017)). Once again, Plaintiffs simply disagree with the Court's analysis and conclusions and, accordingly, have failed to carry their heavy burden of showing that reconsideration is warranted.

Finally, Plaintiffs assert that, "in its rush to judgment," the Court "glossed over important facts in the complaint," among them the extent of the "crimes . . . financed by U.S. non-profits,"

4

the alleged severity of the injuries suffered by Plaintiffs, and the "millions of dollars" of lost revenue owed to Defendants. *See* Dkt. 23 at 1–3. To the contrary, the Court expressly considered the "litany of allegations of wrongdoing by the U.S.-based § 501(c)(3) entities" contained in Plaintiffs' amended complaint and proposed second amended complaint. *Abulhawa I*, 2017 WL 883609, at *3. Allegations of criminal and other misconduct, however, are not alone sufficient to establish that Plaintiffs' alleged injuries were *caused* by that misconduct or that the relief sought in Plaintiffs' amended complaint or proposed amended complaint would be *redressed* by the relief sought. The flaws with Plaintiffs' amended complaint and proposed second amended complaint are not that they fail to allege wrongdoing, but that they rely on theories of causation and redressability that are overly speculative and attenuated.

"[I]t is well-established that 'motions for reconsideration,' whatever their procedural basis, cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled.'" *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (quoting *SEC v. Bilzerian*, 729 F. Supp. 2d 9, 14 (D.D.C. 2010)). Yet, that is precisely what Plaintiffs seek to do. "[F]iling a motion of this kind is almost never appropriate," *id.*, and, because Plaintiffs have offered no reason to conclude that their motion for reconsideration warrants departure from that general rule, the Court will deny the motion.

5

6

## CONCLUSION

Plaintiffs' motion for reconsideration (Dkt. 23) is, accordingly, hereby **DENIED**.

**SO ORDERED.**

                                                   /s/ Randolph D. Moss
                                                 RANDOLPH D. MOSS
                                                 United States District Judge

Date:  June 7, 2017